BLD-271                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3126
_____

IN RE:  THEODORE YOUNG, SR.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to  E.D. Pa. Crim. No. 05-cr-0056-16)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 18, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: August 29, 2011)
_____

OPINION
_____

PER CURIAM

Theodore Young, Sr., petitions this Court for a writ of mandamus reassigning his

motion to vacate his sentence and related motions to a new district judge, and ordering

that judge to "rule expeditiously" on those motions.  We will deny Young's petition

without prejudice.

In July 2010, Young filed a pro se motion to vacate his sentence, pursuant to 28

U.S.C. § 2255.  He also filed (1) a motion for return of property; (2) a motion for

appointment of counsel; (3) a motion for bail pending disposition of his § 2255 motion; (4) a motion to strike the government's sur-reply regarding the motion for return of property; and (5) a motion to strike the government's response to his § 2255 motion as untimely. In the months that followed, the District Court denied Young's motions for counsel, bail, and return of property, as well as his motions to strike.[1]

In April 2011, Young filed a motion, pursuant to Rule 5(c) of the Rules Governing § 2255 Cases, for a complete copy of the transcript of his voir dire proceedings in light of his claim that trial counsel rendered ineffective assistance in connection with the jury selection process. He subsequently filed a second motion urging the District Court to rule on his request for transcripts. On August 8, 2011, Young filed a petition for a writ of mandamus asking us to reassign his outstanding motions to a new district judge for prompt resolution.

Mandamus is a "drastic and extraordinary remedy" available only in "exceptional circumstances." Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380 (2004) (citation omitted). A petitioner seeking mandamus "must show that the right to issuance is clear and indisputable." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although matters of docket control are generally left to the court's discretion, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), mandamus may be warranted when a district court's delay equates to a failure to exercise jurisdiction. See

---

[1] Young appealed the District Court's denial of his motion for bail and his motion for return of property to this Court. We have since affirmed both decisions.

2

Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Young's § 2255 motion was fully briefed as of October 25, 2010. Although the District Court has not yet ruled on that motion, it exercised jurisdiction through December 10, 2010, by ruling on other motions. That there has been no action for eight months may be troubling, but it does not yet rise to a level justifying our intervention. See Madden, 102 F.3d at 79 (eight months of inaction insufficient to compel mandamus). Likewise, the District Court's failure to rule on Young's request for transcripts, which has been outstanding for four months, is not tantamount to a failure to exercise jurisdiction.

We are confident that the District Court will rule on Young's pending § 2255 motion and his motions for transcripts without any further delay. Accordingly, we will deny Young's mandamus petition without prejudice to his right to seek mandamus relief should the District Court fail to expeditiously resolve those motions.[2]

---

[2] In his motions for transcripts, Young indicates that he intends to file a motion for summary judgment. While we expect the District Court to resolve Young's motions for transcripts as soon as possible, we understand that the filing of additional motions might further delay final resolution of the § 2255 motion.